UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT CHANDLER,

        Plaintiff,

v.

UNKNOWN WELLS et al.,

        Defendants.

_____/

Case No. 1:18-cv-871

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    **I.**    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues ICF Correctional Officers

(unknown) Wells, (unknown) Gilreath, (unknown) Kinney, (unknown) Eyer, and (unknown) McNeeley.

Plaintiff alleges that Defendants violated the Eighth Amendment in a variety of ways. Plaintiff alleges that Defendant Wells

> shown cruel acts many of times over the period since I've been here. A couple of them while waiting for an shower this officer states that I'm an Bitch whom wines. That is an cruel act he shown the punishment comes in when he took my shower. By which we are suppose to get 3 per week while in segregation per policy states.

(Compl., ECF No. 1, PageID.4 (verbatim).) He also alleges that Defendant Eyer

> shown an act that was an cruel treatment to an inmate. While being on food slot meaning you must sit away from the door while the officer place you food in your room you cant move. Don't nothing states that an officers demands an inmate to stand in the conor and put one foot on the window seal. Don't nothing states that in no rules or policy. I find these act was an cruel act to show his power over inmate.

(*Id.* (verbatim).) Further, Plaintiff complains that Defendant Kinney

> shown an act which was cruel and unusual punishment when I rode into ICF for assalt on staff this officer took my food tray from me more than one. I'm already here from my wrong doings so as an human we are still suppose to be able to eat. This act is an 100% cruel act to not feed an guy and tries to intimidate an person. This is not his job title to show these acts. The punishment part comes in when my trays got took from me. I have been punish by send here to Level 5. don't nothing states in no law or policy to not feed prisoners.

(*Id.*, PageID.5 (verbatim).) Plaintiff contends that Defendant Gilreath

> show cruel and unusual punishment towards me on many different issues. While the nurse was making rounds I told or was trying to tell the nurse I was having chest pains. This officer states to the nurse oh he hit an woman he has shit coming. That act was an cruel act that act was against my right for treatment of pain. The punishment part was I didn't receive any treatment.

(*Id.* (verbatim).) Finally, with respect to Defendant McNeeley, Plaintiff alleges that McNeeley

> refused to give me an grievance to address my issue of him not giving me an shower. Instead he states that I was a rat and refused to give me one. This is an cruel act upon this officer to first take my shower then refuse me paperwork. This becomes mistreatment cause of the fact that he wrote an false ticket that claims I

2

> said I was going to stab him over an disbursement which was false and an form of retalititions from me reporting his acts. That becomes unusual punishment.

(*Id.*, PageID.6 (verbatim).)

Plaintiff seeks an injunction requiring Defendants to undergo retraining, together with unspecified damages.

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80

4

(6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). An Eighth Amendment claim comprises both objective and subjective components: (1) a sufficiently grave deprivation; and (2) a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834.

### A. Defendant Wells

Plaintiff alleges that Defendant Wells denied him a shower, to which Plaintiff was entitled under prison policy. Plaintiff also complains that Defendant Wells made derogatory comments about Plaintiff.

To the extent that Plaintiff complains that Wells' actions deprived him of his right under MDOC policy to take a shower, he fails to state a claim under § 1983. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law or policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendant Wells violated state law or policy therefore fails to state a claim under § 1983.

In addition, Plaintiff's claim that Defendant Wells denied him one of his three weekly showers falls far short of demonstrating an Eighth Amendment violation. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Allegations about temporary inconveniences do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The one-time denial of a shower amounts to a mere temporary inconvenience. *See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (denial of a shower for seven days does not violate the Eighth Amendment).

Plaintiff's complaint about Defendant Wells' derogatory comment also falls short of stating an Eighth Amendment claim. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is

insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Wells arising from his alleged verbal abuse.

B. Defendant Eyer

Plaintiff alleges that Defendant Eyer violated the Eighth Amendment by ordering Plaintiff to stand in the corner with one foot on the window sill during the time his food tray was being delivered. Plaintiff asserts that prison policy does not require him to do more than sit away from the door.

As previously discussed, Plaintiff's claim that Defendant Eyer's order violated prison policy does not state an actionable claim under § 1983. *Lugar*, 457 U.S. at 924; *Pyles*, 60 F.3d at 1215; *Sweeton*, 27 F.3d at 1166.

Further, Defendant Eyer's order did not subject Plaintiff to cruel or unusual punishment. Plaintiff does not allege that standing for a few moments in the position Eyer ordered was objectively dangerous, painful, or otherwise intolerable, much less that Defendant Eyer was subjectively aware of such danger, pain, or intolerable condition. Plaintiff therefore fails to state either the objective or subjective prong of an Eighth Amendment claim.

C. Defendant Kinney

Plaintiff next complains that Defendant Kinney took his meal tray from him "more than once." (Compl., ECF No. 1, PageID.5.) However, he specifies only one occasion – the day he arrived at ICF – that Kinney took his tray.

"[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). The Constitution, however, "does not mandate comfortable

7

prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *see also Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (same); *Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim); *Staten v. Terhune*, No. 01–17355, 2003 WL 21436162, at *1 (9th Cir. June 16, 2003) (deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Cagle v. Perry*, No. 9:04–CV–1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

In *Richmond*, the Sixth Circuit determined that a prisoner who was deprived of five meals over three consecutive days, and a total of seven meals over six consecutive days, did not state a viable Eighth Amendment claim, because he "does not allege that his health suffered as a result of not receiving the meals." *Richmond*, 450 F. App'x at 456. In *Cunningham*, the Sixth Circuit determined that providing a prisoner only one meal a day for over two weeks was not an Eighth Amendment violation, because the meals provided were adequate to sustain normal health. *Cunningham*, 667 F.2d at 566.

Here, Plaintiff specifically alleges that Kinney denied him food on one specific occasion, and he generally alleges that it happened more than once. He does not allege that Kinney deprived him of food on a large number of dates, that those dates were consecutive, that his health

8

suffered as a result of the deprivation, or that the meals he did receive were inadequate to sustain his health. Consequently, Plaintiff does not state a plausible Eighth Amendment claim against Defendant Kinney. *See Iqbal*, 556 U.S. at 679 (noting that the allegations must permit an inference of more than a "mere possibility" of misconduct).

D. Defendant Gilreath

Plaintiff alleges that, while a nurse was making rounds, Plaintiff attempted to tell the nurse that he was having chest pains. Defendant Gilreath told the nurse that Plaintiff did not deserve anything. The nurse apparently provided Plaintiff no medical care.

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

As with other Eighth Amendment claims, a claim for the deprivation of adequate medical care has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental

9

effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's claim against Defendant Gilreath for the deprivation of medical care fails to allege facts demonstrating the objective component. Plaintiff makes no allegations concerning the seriousness of his medical needs, nor does he suggest that he was at a substantial risk of serious physical harm. He alleges only that he had chest pains. He does not allege that they continued, that they were symptoms of a dangerous heart condition, or that the lack of care in that moment presented any risk.

Moreover, the nurse, not Defendant Gilreath, was the employee who could provide medical care and was the person who decided not to treat Plaintiff. Defendant Gilreath had no control over the delivery of medical care to Plaintiff. His comment did no more than express his opinion about Plaintiff's need for care. Plaintiff therefore utterly fails to show that Defendant Gilreath's opinion or statement caused any failure to treat.

Plaintiff's allegations are insufficient to state a plausible claim against Defendant Gilreath for the denial of medical care.

### E. Defendant McNeeley

Plaintiff alleges that Defendant McNeeley refused to give him a shower on one occasion. He asked for a grievance form to complain about McNeeley's denial of a shower, but McNeeley refused. Plaintiff also complains that McNeeley issued him a false misconduct ticket. Plaintiff contends that all of these actions amounted to cruel and unusual punishment in violation of the Eighth Amendment.

To the extent Plaintiff argues that Defendant McNeeley deprived him of a shower on one occasion, his claim fails for the same reason as his claim against Defendant Wells. The deprivation of a single shower does not rise to the level of an Eighth Amendment violation. *Dellis*, 257 F.3d at 511; *Richmond*, 450 F. App'x at 455.

Moreover, Plaintiff's claims concerning the denial of a grievance form and the writing of a misconduct ticket do not concern "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. They thus do not implicate the Eighth Amendment.

### IV. Remaining Claims Against Defendant McNeeley

Plaintiff alleges that Defendant McNeeley denied him a grievance form and issued a misconduct ticket against him in retaliation for Plaintiff having reported McNeeley at some unspecified time on some unspecified matter. He also arguably suggests that Defendant McNeeley denied him a grievance form in violation of his right to due process.

### A. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was

engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendant McNeeley retaliated against Plaintiff for complaining about McNeeley. Plaintiff describes no specific occasion on which he engaged in protected conduct by complaining about McNeeley, nor does he indicate when such complaints occurred. Indeed, the only allegation that Plaintiff makes about protected conduct is that he was unable to engage in such conduct, because he was prevented from filing a grievance against

McNeeley. Because he utterly fails to allege facts that demonstrate that he was engaged in protected conduct, Plaintiff's speculative claim of retaliation fails at the first step and will be dismissed for failure to state a claim.

> B. Due Process

Plaintiff suggests that he was denied his right to due process when Defendant McNeeley refused to give him a grievance form to complain about McNeeley not giving Plaintiff an opportunity to shower.

Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

For these reasons, Plaintiff fails to state either a retaliation or a due process claim against Defendant McNeeley.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: __September 19, 2018__        /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE